*E-Filed 8/2/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY GLOVER,<br><br>   Petitioner,<br><br> v.<br><br>APPELLATE COURT,<br><br>   Respondent.<br>_____/ | No. C 10-2426 RS (PR)<br><br>**ORDER REOPENING ACTION;**<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The action was dismissed and judgment entered in favor of respondent on June 16, 2010 because petitioner failed to pay the filing fee or file a complete application to proceed *in forma pauperis* by the appropriate date. Petitioner has now paid the filing fee. The action is hereby REOPENED, and the order of dismissal (Docket No. 4) and the judgment (Docket No. 5) are hereby VACATED.

The Court GRANTS petitioner 30 days from the date this order is filed to show cause why the petition should not be dismissed as untimely.

No. C 10-2426 RS (PR)
ORDER OF DISMISSAL

**DISCUSSION**

The petition appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

According to the petition, petitioner was convicted on June 26, 1996 in the Alameda Superior Court of murder, robbery, kidnapping, and rape, and was sentenced to life without parole in state prison. Petitioner, then, had until June 27, 1997 to file a timely federal habeas petition. Petitioner filed the instant federal habeas petition on June 1, 2010. The petition, then, is untimely, and, absent statutory or equitable tolling, must be dismissed. The record, however, does not provide any information showing that petitioner is entitled to either form of tolling.

//
//
//
//
//

1    Accordingly, the Court GRANTS petitioner 30 days from the date of this order to
2 show cause why his petition should not be dismissed as untimely.  As part of this filing,
3 petitioner must show that he is entitled to either statutory or equitable tolling, or both.
4    **Failure to file a sufficiently detailed response to this order within 30 days from**
5 **the date this order is filed will result in dismissal of the action without further notice to**
6 **petitioner.**
7    The Clerk shall reopen the action.
8    **IT IS SO ORDERED**.
9 DATED:  August 2, 2010



RICHARD SEEBORG
United States District Judge

**United States District Court**
For the Northern District of California